# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

**WILLIAM CHRISTOPHER LYNN,**

    **Plaintiff,**

v.                                        Case No.: 3:19-cv-00607

**ANDREW SAUL,**
**Commissioner of the**
**Social Security Administration,**

    **Defendant.**

## MEMORANDUM OPINION

This is an action seeking review of the decision of the Commissioner of the Social Security Administration (hereinafter the "Commissioner") denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. The case is presently before the court on the plaintiff's motion for judgment on the pleadings, seeking, *inter alia,* reversal and remand of the Commissioner's decision, and the defendant's motion to remand. (ECF Nos. 10, 11). Both parties have consented in writing to a decision by the United States Magistrate Judge. (ECF No. 12). The court has fully considered the representations and arguments of counsel and **GRANTS** both motions to the extent that they seek reversal and remand. Accordingly, the court **FINDS** that the decision of the Commissioner should be **REVERSED** and **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g), for further evaluation of Plaintiff's application as stated herein.

Plaintiff, William Christopher Lynn ("Claimant"), completed an application for

DIB on August 2, 2016, alleging a disability onset date of July 19, 2016, (Tr. at 171), due to "spinal stenosis with compressed nerve root L5-S1, multilevel degenerative spinal stenosis, morbid obesity, [and] diabetes." (Tr. at 202). The Social Security Administration ("SSA") denied the application initially and upon reconsideration. (Tr. at 15). Claimant filed a request for a hearing, which was held on September 14, 2018 before the Honorable Maria Hodges, Administrative Law Judge ("ALJ"). (Tr. at 35-68). By written decision dated October 18, 2018, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 15-28). The ALJ's decision became the final decision of the Commissioner on July 22, 2019, when the Appeals Council denied Claimant's request for review. (Tr. at 1-5).

On August 20, 2019, Claimant filed the present civil action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). (ECF No. 2). The Commissioner filed an Answer and a Transcript of the Proceedings on October 21, 2019 (ECF Nos. 8,9). Thereafter, Claimant filed a brief in support of his motion for judgment on the pleadings. (ECF No. 10). Claimant asserted that reversal of the Commissioner's decision and remand for further proceedings were appropriate, because the ALJ had committed two errors that prevented the Commissioner's final decision from being supported by substantial evidence. In particular, Claimant contended that (1) the ALJ incorrectly concluded that Claimant did not meet and/or equal Listing 1.04; and (2) the ALJ's reasons for not according controlling weight to the opinion of Claimant's treating physicians were not supported by substantial evidence. (*Id.*) On December 18, 2019, the Commissioner filed a motion for remand, acknowledging that the ALJ's decision denying benefits merited further evaluation. (ECF No. 11).

Title 42 U.S.C. § 405(g) authorizes the district court to remand the decision of the Commissioner of Social Security for further consideration at different stages of the

2

judicial proceedings. When the Commissioner requests remand prior to filing an answer to the plaintiff's complaint, the presiding court may grant the request under sentence six of § 405(g), upon a showing of good cause. In addition, a court may remand the matter "at any time" under sentence six to allow "additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). When a court remands the Commissioner's decision under sentence six, the court retains jurisdiction over the matter, but "closes it and regards it as inactive" until additional or modified findings are supplied to the court. *See McPeak v. Barnhart,* 388 F.Supp.2d 742, 745 n.2. (S.D.W.Va. 2005).

In contrast, under sentence four of 42 U.S.C. § 405(g), "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Because a sentence four remand essentially "terminates the litigation with victory for the plaintiff," the court enters a final judgment dismissing the case and removing it from the court's docket. *Shalala v. Schaefer*, 509 U.S. 292, 299, 113 S. Ct. 2625, 2630-31, 125 L. Ed. 2d 239 (1993) ("Under § 405(g), 'each final decision of the Secretary [is] reviewable by a *separate* piece of litigation,'" and a sentence-four remand order '*terminate[s]* the civil action' seeking judicial review of the Secretary's final decision.") (quoting in *Sullivan v. Hudson,* 490 U.S. 877, 892, 109 S.Ct. 2248, 2258, 104 L.Ed.2d 941 (1989).

Given that Claimant moved this court to reverse and remand the decision of the Commissioner, then filed a brief in support of that position, and the Commissioner

ultimately agreed to a remand without contesting any of the arguments raised by Claimant, the court concludes that Claimant is entitled to reversal and remand of the Commissioner's decision. Moreover, the court notes that in his motion to remand, the Commissioner asks for a sentence four remand; thereby, implicitly conceding termination of the judicial proceeding in Claimant's favor.[1] Accordingly, the court hereby **GRANTS** Plaintiff's request for judgment on the pleadings to the extent that it requests reversal and remand, (ECF No. 10); **GRANTS** Defendant's motion to remand, (ECF No. 11); **REVERSES** the final decision of the Commissioner; **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this opinion; and **DISMISSES** this action from the docket of the Court. A Judgment Order will be entered accordingly.

The Clerk of this Court is directed to transmit copies of this Memorandum Opinion to counsel of record.

**ENTERED:** December 20, 2019

Cheryl A. Eifert
United States Magistrate Judge

---

[1] Furthermore, this case does not present either of the factual scenarios that would typically support a sentence six remand. The Commissioner's motion was not made until *after* the answer was filed, and neither party has offered new evidence that was not previously made a part of the record.